CONSOLIDATED PAPER COMPANY *v.* CROCKETT *et al.*

No. 10707. August 7, 1935.

*Paul T. Chance, Nathan Jolles,* and *Herlehy & Thornton,* for plaintiff.

*Roy V. Harris* and *Henry T. Chance Jr.,* for defendants.

Beck, Presiding Justice. Consolidated Paper Company filed its petition against Robert Clyde Willis and Margaret Willis Crockett, to set aside divorce verdicts and a decree that had been entered in a case in Richmond superior court, wherein Robert Clyde Willis was plaintiff and Margaret Willis was defendant, the latter now being known as Margaret Willis Crockett. The plaintiff alleged that Margaret Willis Crockett had made a claim against it in the department of labor of the State of Michigan under the workmen's compensation law of that State, and that she based her claim upon a common-law marriage to Henry Crockett, and therefore that the plaintiff was interested in establishing the validity or invalidity of the divorce. Prior to her common-law relationship with Henry Crockett, she was the lawful wife of Robert Clyde Willis, and the plaintiff contended that the divorce that Robert Clyde Willis obtained from her in Richmond superior court was illegal, null and void, for the reason that Robert Clyde Willis was not a bona fide resident of the State of Georgia and Richmond County when he filed his petition for divorce.

Service of the petition was effected by publication. Both parties were non-residents, and they were served pursuant to the statutes

made in such cases. No appearance was made by Robert Clyde Willis. Margaret Willis Crockett filed her answer in which she admitted her claim against the paper company, and denied the invalidity of the original divorce proceedings. Evidence was introduced by the plaintiff tending to show that at the time of the filing of the divorce suit in the case in which was rendered the decree of divorce now sought to be set aside, Robert Clyde Willis was not a resident of Richmond County, Georgia, and had not been a bona fide resident of that county for more than a year preceding the filing of the divorce case. The jury rendered a verdict for the defendant, and the plaintiff excepted.

On the trial the plaintiff offered depositions of Robert Clyde Willis, taken on the trial of the orignial divorce case. The court sustained an objection to this evidence, and the plaintiff excepted. The court did not err in excluding the testimony offered. These depositions were taken, as shown above, on the trial of another case, and could not be used in the trial of the present case where the only party resisting the decree sought to be set aside was the defendant in the divorce proceedings.

The evidence authorized, if it did not demand, the verdict. There was nothing to show any fraud on the part of Margaret Willis, now Margaret Willis Crockett, in obtaining the divorce in question. There was nothing to show that she even knew of the pendency of the divorce suit. After two verdicts for divorce were rendered and she discovered that no decree had been entered, she came into court and secured a nunc pro tunc decree based on the two verdicts previously rendered.

*Judgment affirmed. All the Justices concur.*